UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GEORGE B. WILKINS, JR.,

    Plaintiff,

v.                                  Case No.: 4:10-CV-00318

GLOBAL CREDIT & COLLECTION
CORP.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

THIS CAUSE comes before the Court upon Defendant's motion for judgment on the pleadings and memorandum of law in support thereof (Doc. 19), filed December 1, 2010; Plaintiff's response in opposition (Doc. 23), filed December 15, 2010; Defendant's reply in support of Defendant's motion (Doc. 30), filed January 21, 2011; and Plaintiff's sur-response in opposition to Defendant's reply (Doc. 33), filed February 4, 2011.

**Background**

Plaintiff, "consumer", is suing Defendant, "debt collector", for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. In its complaint, Plaintiff alleges that Defendant violated Sections 1692d, e, e(3), e(5), and

e(10).  In Plaintiff's response in opposition to Defendant's motion, Plaintiff has voluntarily withdrawn its Section 1692d and e(3) claims, leaving only the Section 1692e, e(5), and e(10) claims for consideration.  Plaintiff's remaining claims rest upon Plaintiff's allegation that Defendant violated the FDCPA by sending Plaintiff a letter that: (1) threatened to take legal action against Plaintiff even though Defendant did not intend to do so and (2) constituted a deceptive means to collect a debt by using "false or deliberately ambiguous threats to recommend legal action at some undisclosed time in the distant future." (Doc. 23, p. 10)

Defendant has moved for judgment on the pleadings on the grounds that Plaintiff's claims fail as a matter of law.  Specifically, Defendant asserts that Plaintiff's claims do not establish that Defendant used false, deceptive, or misleading representations in connection with debt collection.  Defendant asserts that the letter Defendant sent to Plaintiff did not make a threat of illegal or unintended action and did not make misrepresentations in violation of the FDCPA, 15 U.S.C. § 1692e, *et seq*.  For the reasons set forth below, Defendant's motion for judgment on the pleadings is granted.

## Standard of Review

"After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c).  In reviewing a motion for judgment on the pleadings, the court accepts the facts in the complaint as true and views them in the light most favorable to the nonmoving party.  See Horsley v. Feldt, 304 F.3d 1125, 1131 (11th Cir. 2002); Ortega v. Christian, 85 F.3d 1521, 1524-25 (11th Cir. 1996).  "Entry of judgment on the pleadings is appropriate when there are no

material facts in dispute, and judgment on the merits may be rendered based on the court's consideration of the substance of the pleadings and any judicially noticed facts." Womancare of Orlando, Inc. v. Agwunobi, 448 F.Supp.2d 1309, 1319 (N.D. Fla. 2006) Furthermore, "[j]udgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Moore v. Liberty Nat'l Life Ins., 267 F.3d 1209, 1213 (11th Cir. 2001) (internal marks omitted).

### Extraneous Matters

The court applies the same standard when evaluating Rule 12(c) as it applies when evaluating Rule 12(b)(6) motions to dismiss for failure to state a claim. Agricredit Acceptance, LLC v. Hendrix, 32 F.Supp.2d 1361, 1364 (S.D. Ga. 1998) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). For the purposes of a motion for judgment on the pleadings under Rule 12(c), the court must rely upon the matters included in the complaint and the answer. See FED. R. CIV. P. 7(a). "If, on a motion under Rule 12(b)(6) or 12(c) matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d).

A court has discretion to consider documents outside the pleadings without converting 12(b)(6) or 12(c) motions into a motion for summary judgment if the court finds that two conditions are satisfied: (1) the document must be central to the plaintiff's claims and (2) the authenticity of the document must be unchallenged. E.g., Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Horsley, 304 F.3d at 1134. Moreover, the court may consider public records without converting the motion to one for summary judgment. E.g., Universal Express, Inc. v. U.S. S.E.C., 177 Fed. Appx. 52, 53 (11th Cir.

2006); Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003). "Courts may take judicial notice of public records including proceedings in its own docket as well as proceedings in other courts without the need to convert a motion . . . into a motion for summary judgment." In re All American Semiconductor, Inc., 427 B.R. 559, 565 (S.D. Fla. 2010). "[A] court may take judicial notice of the public record, without converting the motion into one for summary judgment, because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Spechler v. Tobin, 591 F.Supp.2d 1350, 1356 (S.D. Fla. 2008). So long as the underlying notice and opportunity to be heard provisions of Rule 56 are satisfied, a 12(c) motion does not need to be converted to a motion for summary judgment for the purposes of consideration of extraneous public records. See Horsley, 304 F.3d at 1134.

In the instant case, in its reply in support of its motion for judgment on the pleadings, Defendant attached Exhibit A, a case search for Capital One Bank + Plaintiff (See Doc. 30, Ex. A). This Court, in an exercise of discretion, declines to consider the attached documents as they are not central to Plaintiff's claims and consideration is not necessary for the purposes of this determination.

We now turn to the substance of Defendant's motion for judgment on the pleadings.

**Analysis**

"Congress enacted the FDCPA in 1977. . . to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect

consumers." Jerman v. Carlisle, 130 S.Ct. 1605, 1608 (2010).  Pursuant to the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e; see also 15 U.S.C. § 1692e(10).  Among the list of factors that constitute violations of the FDCPA are acts that include threatening to take an action which is not intended to be taken.  15 U.S.C. § 1692e(5).

Consistent with the paternalistic nature of the FDCPA, the Eleventh Circuit evaluates FDCPA violations under a "least sophisticated" consumer standard.  Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985).

> The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. . . . While protecting naïve consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.

United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 136 (4th Cir. 1996).  Following the "least sophisticated" consumer standard, the Court must determine whether the language of the letter had the tendency to "mislead the least sophisticated recipient of a debt collector's letters" when evaluating a violation of the FDCPA premised upon deception.  Jeter, 760 F.2d at 1175.

Three elements must be established to sufficiently allege a violation of the FDCPA: (1) the aggrieved party must fall under the act's definition of "consumer"; (2) the party collecting the debt must be considered a "debt collector" pursuant to the act; and "(3) the defendant must have engaged in any act or omission in violation of the FDCPA."  Morgan v. Credit Adjustment Bd., Inc., 999 F.Supp. 803, 805 (E.D. Va. 1998).

In the present case, neither party disputes that Plaintiff is a "consumer" and Defendant is a "debt collector" for FDCPA purposes. Rather, the scope of Defendant's motion focuses on whether Defendant violated the FDCPA.

### Plaintiff's Section 1692e(5) and e(10) Claims

Plaintiff alleges that Defendant violated Section 1692e of the FDCPA by committing conduct that violates Sections 1692e(5) and e(10). Section 1692e(5) specifically proscribes any "threat to take any action that cannot legally be taken or that is not intended to be taken." Section 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt". Because Plaintiff's e(5) and e(10) allegations are inextricably intertwined and are based on the same conduct, i.e. sending a deceptive letter with misleading threats of future legal action, both will be analyzed together.

"[T]o establish a violation of Sections 1692e(5) and e(10), the plaintiff must demonstrate two things: (i) threatened action, (ii) which was not intended to be taken." Larsen v. JBC Legal Group, P.C., 533 F.Supp.2d 290, 302 (E.D.N.Y., 2008); see Jeter, 760 F.2d at 1176.

### Threatened Action

First, Plaintiff alleges that Defendant's debt collection letter constituted a threat of legal action because it "referenced potential legal action against Plaintiff, used the word judgment five times and stated that prior to any judgment, Plaintiff would be notified and able to raise defenses." (See Doc. 23, p.8). The Court looks to the language of a debt collection letter as a whole to determine whether it would constitute a threat to the least sophisticated consumer. Larsen, 533 F.Supp.2d at 302 (citations

omitted).  If the letter could reasonably be interpreted as threatening action, then judgment on the pleadings is improper and the question should be decided by the jury. Jeter, 760 F.2d at 1176.  If the letter "merely informs the consumer that the debt collector is seeking repayment" and "only advises a debtor that the collection agency has several options with which to pursue the debt", the FDCPA's protective purpose will not be served by imposing a violation on the debt collector.  Larsen, 533 F.Supp.2d at 302.  The underlying purpose of the FDCPA's is to shield consumers from abusive and deceptive practices used by debt collection agencies in the collection of a debt.  Where no improper methods have been utilized, penalizing the debt collector for violation of the act is unsound.

In the instant case, Defendant sent Plaintiff one letter notifying Plaintiff of a delinquent debt and seeking repayment of the debt.  Viewing the language of the letter as a whole, it is apparent that no reasonable juror could conclude that the letter constituted a threat in violation of the FDCPA.  The letter informs Plaintiff that the "account has been placed with [Defendant], a collection agency" and that

> Capital One Bank (USA), N.A. has not yet made a decision to file a lawsuit, there is still time for you to work with us in resolving this matter.  If we cannot get this matter resolved soon and your account charges off, Capital One Bank (USA), N.A. may be forced to take legal action.  This could result in judgment against you.

(See Doc. 1, Ex. A).  Even when interpreting the language in the light most favorable to Plaintiff, the letter cannot reasonably be interpreted as constituting a threat for the purposes of the FDCPA.  Taken as a whole, the language of the letter merely serves to notify Plaintiff that Plaintiff's account is delinquent, has been placed with a debt

collector, and that both Plaintiff and the credit agency have options for the purposes of resolving the debt.

### Defendant's Intent to Take Action

Second, Plaintiff alleges that Defendant violated Sections 1692e(5) and e(10) by threatening legal action that Defendant did not intend to take when it mailed the letter to Plaintiff.  Upon review of the letter utilized by Defendant for debt collection purposes, it is apparent that Defendant does not allege that Defendant will take any legal action against Plaintiff if the debt is not satisfied.  Instead, the letter informs Plaintiff that Capital One, the creditor, has the option of filing legal action against Plaintiff if Plaintiff's delinquent account charges off.  (Doc. 1, Ex. A).

Plaintiff argues that "Defendant's representation that . . . Capital One, may take legal action against Plaintiff would be misleading, and in violation of section 1692e(5) of the FDCPA, if Defendant had reason to know that Capital One did not intend to file a lawsuit against Plaintiff." (Doc. 33, p. 4).  In support of its argument, Plaintiff asserts that Capital One's period of inaction up to the date of Plaintiff's sur-response (Doc. 33), seven months, is evidence that Capital One did not intend to take any legal action against Plaintiff and that Defendant was misleading in asserting that Capital One would do so.  Plaintiff's argument relies on Drennan v. Van Ru Credit Corp., 950 F.Supp. 858 (N.D. Ill. 1996) (determining that a nine month period between the date of the last debt collection notice and the date of filing of the complaint evidenced the credit agency's lack of intent to take legal action against the plaintiff).  (See Doc. 33, p. 4).

Plaintiff's reliance on Drennan is misplaced.  In the instant case, Plaintiff filed its complaint on July 16, 2010, a mere one month after receiving the letter from Defendant.

Calculating the appropriate period of inaction according to the measure used in <u>Drennan</u>, the applicable time period in Plaintiff's case is one month, not seven months as Plaintiff asserts. One month is hardly comparable to the nine month period in <u>Drennan</u> and is not sufficient to establish the inference that Defendant should have known that Capital One did not intend to pursue legal action or that Defendant was deceptive in its communication with Plaintiff. Because Plaintiff has not set forth sufficient facts to give rise to the reasonable inference that Defendant has committed a violation of the FDCPA, Plaintiff's claims do not withstand Defendant's motion for judgment on the pleadings. Accordingly, it is

ORDERED AND ADJUDGED that Defendant's motion for judgment on the pleadings (Doc. 19) is *granted*.

DONE AND ORDERED on this <u>fourth</u> day of March, 2011.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge